IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
|---|---|
| v. | Case No. ___3:25-cr-236___ |
| AUSTEN HENRY STROM | Violations:  18 U.S.C. § 1344(2) |

COUNTS ONE through FIVE

**Bank Fraud**

The Grand Jury Charges:

In or about 2024 through April 2025, in the District of North Dakota and elsewhere, the defendant,

AUSTEN HENRY STROM,

with intent to defraud, knowingly devised and participated in a scheme to obtain moneys and funds under the custody and control of a financial institution by means of material false and fraudulent representations.

**Background**

At all times material herein:

1.  Bell Bank was a financial institution that was an insured depository institution as defined in Section 3(c)(2) of the Federal Deposit Insurance Act.

2.  The defendant, AUSTEN HENRY STROM, worked for FM Forklift in Fargo, North Dakota, for approximately 8 years and became a bookkeeper for the last three or four years of his employment.

3. AUSTEN HENRY STROM was responsible for reconciling and managing accounts at FM Forklift and for processing accounts payable for the company.

4. As bookkeeper, AUSTEN HENRY STROM was responsible for writing checks and therefore had access to physical checks for a deposit/checking account at Bell Bank belonging to FM Forklift.

5. AUSTEN HENRY STROM did not have authorization to sign checks or withdraw funds, and he was not an authorized signer on the FM Forklift account. One of the owners was required to sign outgoing checks.

6. AUSTEN HENRY STROM was paid by direct deposit via automatic clearing house and did not receive physical paychecks from FM Forklift.

**The Scheme**

As part of the scheme, the following occurred:

7. Starting on or about March 25, 2024, AUSTEN HENRY STROM began drafting checks written on a checking account at Bell Bank in the name of FM Forklift ("FM Forklift account"). The checks varied in amount from $1,250 to $29,611. In total, AUSTEN HENRY STROM embezzled approximately $692,572.86 from FM Forklift without authorization.

8. AUSTEN HENRY STROM endorsed and deposited the checks drawn on the FM Forklift account by mobile check deposit into AUSTEN HENRY STROM's personal checking (XXXX870) or personal savings (XXXX071) accounts at Wells Fargo Bank. The accounts were opened by AUSTEN HENRY STROM in 2013.

2

9.  The checks were handwritten on FM Forklift check blanks and purportedly signed by owner A.O.  However, A.O. reviewed the checks and said that it was not his signature on the checks.  By depositing the FM Forklift checks into his personal account, AUSTEN HENRY STROM made a material misrepresentation to Bell Bank that FM Forklift, through its owners, authorized and endorsed the checks AUSTEN HENRY STROM deposited.

10. In April 2025, Bell Bank notified FM Forklift about suspicious activity occurring with its account.  Specifically, Bell Bank informed FM Forklift that numerous mobile deposits were made into AUSTEN HENRY STROM's personal account(s) drawn on the FM Forklift account.

11. When AUSTEN HENRY STROM was confronted by three co-owners of FM Forklift, he admitted to fraudulently depositing nearly $700,000 in company funds into his personal account.  AUSTEN HENRY STROM stated that he spent the funds on online gambling.

**Execution of the Scheme**

Between in or about March 2024 and April 2025, in the District of North Dakota and elsewhere, the defendant,

AUSTEN HENRY STROM,

with intent to defraud, having devised and participated in a scheme to obtain moneys and funds under the custody and control of a financial institution, which was insured by the FDIC, by means of materially false and fraudulent representations, and for the purpose of knowingly executing the scheme, withdrew

3

money and funds from Bell Bank belonging to FM Forklift on the dates and in the amounts set forth below in Counts 1 through 5 and deposited the same into his personal account at Wells Fargo Bank.

| COUNT | DATE | CHECK NUMBER | AMOUNT |
|---|---|---|---|
| 1 | 08/26/2024 | 21602 | $21,000 |
| 2 | 11/04/2024 | 21636 | $25,614 |
| 3 | 01/02/2025 | 21675 | $29,611 |
| 4 | 02/03/2025 | 21689 | $29,200 |
| 5 | 04/03/2025 | 21721 | $26,700 |

All in violation of Title 18, United States Code, Section 1344(2).

<u>FORFEITURE NOTICE</u>

Upon conviction of one or more of the offenses charged in this Indictment,

AUSTEN HENRY STROM

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1344, including, but not limited to, the following:

- $30,000 in United States currency seized from an LPL brokerage account; and,
- A sum of United States currency representing the amount of proceeds obtained as a result of the offenses in the form of a money judgment.

If any of the assets subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2), as a result of any act or omission of AUSTEN HENRY STROM:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred to, sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of defendant's up to the value of said property subject to forfeiture.

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ NICHOLAS W. CHASE
NICHOLAS W. CHASE
United States Attorney

MDG/ak